UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SHABANA QADRI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>　　　　　Defendant. | No. CV 13-7702-RGK (PLA)<br><br>ORDER ACCEPTING FINDINGS,<br>CONCLUSIONS AND RECOMMENDATION<br>OF UNITED STATES MAGISTRATE JUDGE |

## INTRODUCTION

On July 25, 2014, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that plaintiff's request for remand of the Commissioner's decision be granted, and that the decision of the Commissioner be reversed. Thereafter, on August 8, 2014, defendant filed Objections to the R&R ("Objections"). On August 13, 2014, plaintiff filed a Response to Objections ("Response").

## DISCUSSION

In her Objections, defendant raises two contentions. First, defendant suggests that the Magistrate Judge erred in finding that the ALJ's RFC -- which included a limitation to "simple,

routine tasks" -- did not sufficiently address certain opined limitations with regard to plaintiff's concentration, persistence, or pace.¹ (Objections at 5). Defendant cites <u>Stubbs-Danielson v. Astrue</u>, 539 F.3d 1169, 1174-76 (9th Cir. 2008), for the proposition that "an RFC finding is the exclusive arena of the ALJ, and it is within the ALJ's authority to translate functional limitations in work related restrictions." (Objections at 4). The facts here are distinguishable from those in <u>Stubbs</u>, and are more similar to those in <u>Brink v. Comm'r of Soc. Sec. Admin.</u>, 343 Fed. Appx. 211, 212 (9th Cir. 2009) (citable for its persuasive value pursuant to Ninth Circuit Rule 36-3) (where medical evidence established difficulties with concentration, persistence, or pace, "the ALJ's initial hypothetical question to the vocational expert referenc[ing] only 'simple, repetitive work,' without including limitations on concentration, persistence or pace" was error). Whereas in <u>Stubbs</u>, the medical testimony "did not establish any limitations in concentration, persistence, or pace," the medical evidence presented in this case (and accepted by the ALJ in his discussion of the "paragraph B" criteria) <u>does</u> establish that plaintiff has "moderate" difficulties with concentration, persistence, or pace. (<u>See</u> AR at 19); <u>Brink</u>, 343 Fed. Appx. at 212. For the same reasons as those provided in <u>Brink</u>, the Court finds <u>Stubbs</u> inapposite, and overrules defendant's objection on this issue.²

---

[1] Defendant notes that the Magistrate Judge "erroneously referred to the evaluations as being assessments of [p]laintiff's 'residual functional capacity[,]'" when they were "merely 'functional assessments,'" and not plaintiff's RFC. (Objections at 4). Defendant is correct. However, nothing in the conclusions of the R&R would be altered by correcting the mistaken naming of the "functional assessments" at issue, and in fact the R&R goes on to distinguish between those assessments made for purposes of the ALJ's "paragraph B" analysis and those for purposes of an RFC assessment. (<u>See</u> R&R at 10-11).

[2] Defendant appears to assert that any error by the ALJ in failing to "explicitly reference the limitations in [p]laintiff's RFC" was harmless, as "other evidence minimized the error perceived by the Magistrate Judge." (Objections at 6). Defendant argues that the VE's testimony that "production quotas were not applicable" to the jobs identified by the ALJ somehow distinguishes the instant facts from those in <u>Newton v. Chater</u>, 92 F.3d 688 (8th Cir. 1996), which held that an ALJ's hypothetical limiting the claimant to simple jobs did not adequately include deficiencies of concentration, persistence or pace, particularly where the hypothetical did not incorporate any specific testimony or refer to any other evidence indicating such deficiencies. <u>See</u> <u>Newton</u>, 92 F.3d at 695; <u>see also</u> <u>Thomas v. Barnhart</u>, 278 F.3d 947, 956 (9th Cir. 2002). Here, however, the mere fact that the VE explained that production quotas were not applicable has no impact on the Court's conclusion herein, especially as the VE's testimony in response to plaintiff's counsel's

Second, defendant contends that the ALJ provided clear and convincing reasons for rejecting the portion of one of plaintiff's physician's opinions that included a limitation to "occasional[]" overhead activity "on both sides." (Objections at 7-9; R&R at 11). Specifically, defendant asserts that the ALJ's "consideration of the evidence" -- by including it in his "thorough discussion" of the medical evidence -- "provided clear and convincing reasons for not adopting any overhead reaching limitations." (Objections at 9). The Court disagrees. As explained in the R&R, the ALJ first erroneously asserted that the record "does not contain any opinions from treating or examining physicians indicating that [plaintiff] ... has limitations greater than those determined in this decision." (R&R at 12) (emphasis added). Next, having failed even to acknowledge the limitation in question, the ALJ then failed to provide any reasons whatsoever as to why the opinion containing that limitation was not adopted. (See R&R at 12; AR at 18); see Lester, 81 F.3d at 830 ("the Commissioner must provide 'clear and convincing' reasons for rejecting the uncontradicted opinion of an examining physician. And like the opinion of a treating doctor, the opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record.") (citation omitted).

/
/
/
/
/
/
/
/
/

---

questions supports a finding -- contrary to that of the ALJ -- that an individual "deemed to have a severely diminished pace and persistence" would not be able to do any jobs in the national economy. (See AR at 46-47).

## CONCLUSION

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, all of the records herein, the Report and Recommendation of the United States Magistrate Judge, defendant's Objections to the Report and Recommendation, and plaintiff's Response. The Court has made a de novo determination of the portions of the Report and Recommendation to which Objections were directed. The Court concurs with and accepts the findings and conclusions of the Magistrate Judge. Accordingly, IT IS ORDERED THAT:

1.  Judgment shall be entered granting plaintiff's request for reversal, reversing the decision of the Commissioner and remanding this action to defendant for further proceedings.

2.  The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: SEP 1 5 2014

HONORABLE R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE